UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re: )
 )  Chapter 7
Frankie L. Ford )
 )  Case No. 17-30483
 Debtor(s). )
 )

OBJECTION OF CHAPTER 7 TRUSTEE TO
DEBTOR'S MOTION TO CONVERT TO CHAPTER 13

Carly B. Wilkins, the Chapter 7 Trustee in the above-named case hereby objects to the debtor, Frankie L. Ford's Motion to Convert her case to one under to Chapter 13, and represents as follows:

BACKGROUND

1. On February 17, 2017, a Voluntary Petition under Chapter 7 of Title 11 of the Bankruptcy Code ("Petition") was filed by Frankie L. Ford.

2. On February 18, 2017, the undersigned was appointed interim trustee and a meeting of creditors was held on April 21, 2017.

3. The Debtor's petition and schedules failed to include any interests in potential litigation. At the § 341, the Debtor testified she was involved in a personal injury case. The Debtor subsequently amended her schedules to include this lawsuit on April 28, 2017. (Doc. 23). The Trustee moved to employ Miranda Yancey as attorney for the estate to pursue this litigation. (Doc. 20). The Court granted Ms. Yancey's employment on May 23, 2017. (Doc. 29).

4. On or about May 25, 2017, the Trustee became aware that the debtor was involved in a premise liability lawsuit. The Debtor has yet to amend her schedules to include this lawsuit. The Trustee moved to employ Jase Sayre and Benjamin Schoettker as attorney's for the estate to pursue the premise liability case. (Doc. 31).The Court granted their employment on June 27, 2017. (Doc. 36).

5. Debtor has not claimed any exemptions in either potential lawsuits.

6. The Debtor received her discharge on July 25, 2017. (Doc. 38). The Debtor moved to vacate her discharge simultaneously with the Motion to Convert. (Doc. 40).

7. On September 25, 2017, the Debtor filed a completely unsupported "Motion to Convert" her case from Chapter 7 to Chapter 13. (Doc. 41). After the Trustee requested additional information regarding the conversion, Debtor filed an "Exhibit" to the Motion which consisted of the Debtor's amended petition and schedules; it appears only schedules I and J were updated from the previously filed schedules. The amended schedules in the exhibit still fail to list the Debtor's interest in the premise liability lawsuit.

8. As grounds for the Motion to Convert, the Debtor stated she is "receiving child support, has a part time job and has had a decrease in expenses since her minor child no longer must attend day care." The Debtor's original Schedule I listed her employment as a "patient rep" with Baptist Health Care Authority with a net income of $1,412.45. The Debtor also noted on her original schedules that she was receiving child support in the amount of $371 for a total monthly net income of $1,783.45. (Doc. 1).

9. The Debtor's amended schedules on the Exhibit to support the conversion calculate her net income from Baptist Health Care Authority as $1,695.79, child support in the amount of $371 and a part time job with Publix in the amount of $200 with a total monthly net income of $2,266.79. (Doc. 42).

10. The Debtor's original schedule J include the following expenses: Rent in the amount of $625, electricity in the amount of $125, water, sewer and garbage in the amount of $60, telephone, internet and cable in the amount of $200, food and housekeeping supplies in the amount of $300, child care costs of $50, clothing in the amount of $30, personal care in the amount of $25, transportation in the amount of $200, vehicle insurance in the amount of $172, and vehicle payment in the amount of $380 for total of $2,167 in expenses. The Debtor was left with a negative monthly net income of $383.55. (Doc. 1).

11. The Debtor's amended schedules on the Exhibit to support the conversion include the following expenses: Rent in the amount of $625, electricity in the amount of $125, water, sewer and garbage in the amount of $37, telephone, internet and cable in the amount of $50, food and housekeeping supplies in the amount of $500, child care costs of $0, clothing in the amount of $80, personal care in the amount of $30, transportation in the amount of $150, entertainment in the amount of $50, charitable contributions in the amount of $50, life insurance in the amount of $20, vehicle insurance in the amount of $178, and vehicle payment in the amount of $0 for total of $1,920 in expenses. The Debtor was left with a monthly income of $346.79. (Doc. 42).

12. The Debtor's statement of intentions reflects the Debtor retaining the 2012 Honda, additionally; the Debtor's amended schedules on the Exhibit continue to reflect vehicle insurance. (Docs. 1 and 42). However, the Debtor's amended schedules fail to include the car payment for the Honda, presumably in the amount of $380 as reflected in her original schedules. (Doc. 42). The balance listed on Schedule D for the lien with Crescent Bank & Trust for the vehicle was $13,805. (Doc. 1). If the Debtor's car payment is added to her expenses she would have a negative monthly income of $33.21.

13. Based on her schedules, the Debtor's expected Chapter 13 payment would be around $420 per month to include plan provisions for her vehicle with Crescent Bank & Trust in the amount of $13,805 and her various tax debts with the Internal Revenue Service and the State of Alabama for a total tax debt of $7,544.04. The Debtor would be unable to fund this Chapter 13 plan.

ARGUMENT

14. The Chapter 7 trustee objects to the conversion of this case. There is no absolute right to conversion of a Chapter 7 case to Chapter 13 pursuant to the U.S. Supreme Court's decision in <u>Marrama v. Citizens Bank of Mass.</u> *See generally* 547 U.S. 365, 127 S.Ct. 1105, 166 L.Ed.2d 956 (2007).

15. Under <u>Marrama</u>, bankruptcy courts have broad discretion in determining whether a debtor has acted in bad faith and that the presence of bad faith is sufficient ground to deny a debtor's motion to convert his or her case under Section 706 and 1307. The Trustee understands that she is required to make a sufficient allegation of bad faith and to have credible evidence to support this allegation. <u>In re Fuller</u>, 535 B.R. 854 (2015).

16. The <u>Marrama</u> court also held that 11 U.S.C. § 105 is, "surely adequate to authorize an immediate denial of a motion to convert filed under §706 in lieu of a conversion order that merely postpones the allowance of equivalent relief and may provide a debtor with an opportunity to take action prejudicial to creditors."

17. Even a cursory review of Debtor's sworn schedules would provide credible evidence that the Debtor is unable to fund or propose a viable Chapter 13 Plan. Based on her schedules, the Debtor's expected Chapter 13 payment would be around $420 per month to include plan provisions for her vehicle with Crescent Bank & Trust in the amount of $13,805 and her various tax debts with the Internal Revenue Service and the State of Alabama for a total tax debt of $7,544.04. The Debtor would be unable to fund this Chapter 13 plan. After attorney's fees and trustee compensation it is clear that the payments to unsecured creditors would be *de minimus*.

18. The only way to ensure prompt and full payment to creditors is by allowing the administration of the property by the Chapter 7 trustee.

19. The Debtor's motivation for conversion is not to repay her creditors, but to retain control of her lawsuit proceeds and avoid paying the equity to her creditors.

20. To permit the Debtor to convert to a futile Chapter 13 proceeding that would ultimately end up in a reconversion to Chapter 7, or a dismissal, which would waste judicial resources and prejudice Debtor's creditors by the delay.

21. A motion to convert case from Chapter 7 to Chapter 13 is abusive when it is filed to frustrate the bankruptcy process, rather than to implement congressional policy of repayment of creditors.

**WHEREFORE**, the Trustee requests that the Debtor's Motion to Convert be denied.

Dated this the 28th day of September, 2017.

s/ <u>Carly B. Wilkins, Trustee</u>

Carly B. Wilkins,
Trustee in Bankruptcy
560 S. McDonough St., Ste. A
Montgomery, AL 36104
334-269-0269
cwilkins@cbwlegal.com

# CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing motion on all parties listed below by electronic transmission and/or by placing a copy in the U. S. Mail with sufficient postage and properly addressed.

Chapter 13 Trustee, Sabrina L. McKinney
Bankruptcy Administrator, Teresa Jacobs

**DONE** this the 28th day of September, 2017.

<u>/s/ Carly B. Wilkins</u><br>Carly B. Wilkins, Trustee